**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**The TEXAS EDUCATION AGENCY et al.**
**(Austin Independent School District),**
**Defendants-Appellees.**

**No. 71–2508.**

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1973.

Joseph D. Rich, David L. Norman, Attys., U. S. Dept. of Justice, Washington, D. C., Seagal Wheatley, U. S. Atty., San Antonio, Tex., Bruce Davis, Brian K. Landsberg, Attys., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Sylvia Drew, New York City, Mario Obledo, John Serna, San Antonio, Tex., for intervenors Dedra Estell Overton, and others.

James McCoy, Asst. Atty. Gen. of Tex., Austin, Tex., for Tex. Ed. Agency.

J. M. Patterson, Jr., Donald S. Thomas, Austin, Tex., for Austin Indept. School Dist.

Albert W. Alschuler, Mark Z. Levbarg, Central Texas Chapter, American Civil Liberties Union, Austin, Tex., amicus curiae.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.*

BY THE COURT:

The motion of Overton et al., intervenors in the within matter, to clarify the mandate issued by this court on August 2, 1972, 467 F.2d 848, is denied.

WISDOM, Circuit Judge, with whom JOHN R. BROWN, Chief Judge, and GEWIN, GOLDBERG and SIMPSON, Circuit Judges join dissenting:

"[This case] is an example of how a reviewing court can pass the buck, give the school board a delay, and confuse the district court on remand." So the dissenting judges stated in commenting on the majority's misnomer, entitled "Remedy". 467 F.2d 888.

The necessity for the Court's facing the issues is clearer now than when the case was decided. The intervening appellants (representing both black and Mexican-American school children), the appellee (Austin Independent School District), and the trial judge concede that they are in a state of confusion as to the Court's cryptic message.

Six days after the decision was rendered, the AISD filed a "motion for clarification and stay of mandate". The Court denied the stay on August 23, 1972. The appellants point out that the AISD's motion for clarification may still be

---

* Judge Thornberry did not participate in the en banc decision in this case.

pending, and if so join in that motion. Now, two months later, after a hearing that compounded the confusion, the appellants have filed a motion for clarification in which, as to the crucial questions, the appellee joins.

If there were any doubt about the need for clarification, it should be resolved by the AISD's brief. The AISD agrees with the intervenors. I quote from the AISD's brief:

> B. *Mexican-American Students.* Defendant-appellee agrees that the constitutional standard and burden of proof by which, on remand, the district court should judge the lawfulness of the concentrations of Mexican-American students in individual schools of the district is left in doubt by the majority opinion of this Court and should be clarified. Exactly one-half of the circuit judges sitting in this case have expressly declined to adopt the views of Judge Wisdom on this matter, United States v. Texas Education Agency, 467 F.2d 848 (5th Cir. 1972) (Special Opinion of Judge Godbold), yet have joined in a majority opinion that contains no discussion of this issue. The standard articulated by an eight-judge majority in Cisneros v. Corpus Christi Independent School District, 467 F.2d 142 (5th Cir. 1972) can hardly be considered authoritative, not only because one of that majority, Judge Thornberry, is not sitting this case but because another, Judge Ingraham, has in this case taken the opposite position by joining in both the majority opinion by Judge Bell and the special opinion by Judge Godbold.

The district judge turned to the confused lawyers for enlightenment. He was as puzzled as they. I quote what he said to the lawyers:

> "I assume that all of you have read the opinion. I hope you know more about it than I do. . . . [T]hen you have Judge Bell or the majority opinion coming along saying that the only way you can proceed under Swann is to ferret out by schools the pro-scribed segregation. If you can help out any, I sure would appreciate it, about that sort of thing, what they mean by that thing".

The important issues in this case deal with the question of discrimination against Mexican-Americans, the de jure (state action) character of that discrimination, and the appropriate remedy. It is up to the majority of the Court to tell the litigants and the trial judge what the opinion means with respect to the specific issues the Court was asked to decide. A denial of the motion for clarification just may be construed as evidence that the majority of the court did not know or could not articulate the reasons for their so-called "remedy".

When the litigants and the trial judge are unable to understand what the Court of Appeals is trying to say in remanding a case, it is an egregious error to deny a motion for clarification. It is a reflection on the judicial process. It is a reflection on a Court that in the past has not shirked its responsibilities.

In particular, are Mexican-Americans who are discriminated against in schools to be placed on a lower level than black students who are discriminated against in schools? Are they to have more difficulties interposed in proving their case and in a court's devising appropriate remedies than are interposed with respect to black Americans? When there is discriminatory state action in school systems in fact but not by express statute, are we under one constitution for the South and another for the rest of the country?

This is not a case to be decided from the bench or under our Rule 21. In a matter of this importance a court's explanation of its reasons is an indispensable element in decision-making. A reasoned opinion responsive to the issues is an essential safeguard against misuse of judicial power. The majority's refusal to say what it means in this case undermines judicial process in this circuit in an important area of the law.