**Aguinaldo ZAMORA et al.,
Plaintiffs-Appellants,**

v.

**NEW BRAUNFELS INDEPENDENT
SCHOOL DISTRICT et al.,
Defendants-Appellees.**

**No. 73–2999.**

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1975.

Mario G. Obledo, Sanford J. Rosen, San Francisco, Cal., Ed Idar, Jr., John Serna, San Antonio, Tex., Jack Greenberg, Franklin E. White, New York City, Jim Heidelberg, San Antonio, Tex., for plaintiffs-appellants.

Terry S. Bickerton, J. Burleson Smith, San Antonio, Tex., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This case is controlled by three recent decisions of this Court: *Morales v. Shannon,* 5 Cir. 1975, 516 F.2d 411, *United States v. Midland Independent School District,* 5 Cir. 1975, 519 F.2d 60 and *Tasby v. Estes,* 5 Cir. 1975, 517 F.2d 92. The district court did not have the benefit of these cases which were decided long after the court's judgment approving the desegregation plan for the New Braunsfel Independent School District (NBISD).

The record demonstrates that the NBISD has a history of deliberately segregating Chicanos going back to 1910 when the first Mexican school was built. The existing isolation of Mexican-American students was a result of NBISD's long-standing segregatory intent.

The judgment of the district court is reversed and the case is remanded for reconsideration in the light of the three recent decisions of this Court referred to in this opinion. The appropriate remedy should also be considered in light of the following cases: *Keyes v. School District No. 1, Denver, Colorado,* 1973, 413 U.S. 189, 98 S.Ct. 2686, 37 L.Ed.2d 548; *United States v. Texas Education Agency, Austin Independent School District,* 5 Cir. 1972, 467 F.2d 848 (motion for clarification denied 5 Cir. 1973, 470 F.2d 1001); *Cisneros v. Corpus Christi Independent School District,* 5 Cir. 1972, 467 F.2d 142, *cert. denied* 1973, 413 U.S. 920, 93 S.Ct. 3053, 37 L.Ed.2d 1041, reh. denied 1973, 414 U.S. 881, 94 S.Ct. 31, 38 L.Ed.2d 129. The district court should require the defendants to come forward as promptly as practicable with a constitutionally acceptable desegregation plan or fashion one of its own.

The case is ordered reversed and remanded.